UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. _____

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                        **PLEA AGREEMENT**

FACIAL EXPRESSIONS                                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to a single count Information, charging a misdemeanor violation of 21 U.S.C. §§ 331(c) and 333(a)(1) – the receipt of misbranded drugs in interstate commerce.

2. The essential elements of the violation charged in the Information are:

    (a) the Defendant received or caused the receipt, into interstate commerce, of a drug, as defined in 21 U.S.C. § 321(g);

    (b) the drug was misbranded, as defined in 21 U.S.C. § 352.

    (c) the delivery or proffered delivery of the misbranded drugs was for pay or otherwise.

3. As to the charged count and other relevant conduct, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) FACIAL EXPRESSIONS was owned and operated by Paula Gill.

(b) FACIAL EXPRESSIONS exclusively conducted business in Laurel County, in the Eastern District of Kentucky.

(c) FACIAL EXPRESSIONS primarily provided treatments to customers involving various injectable prescription drugs derived from Botulin toxins. These treatments were designed to remedy or mitigate skin wrinkles.

(d) Due to her experience as a licensed dentist and other relevant medical training, Gill administered the injectable drugs offered by FACIAL EXPRESSIONS.

(e) The manufacture, labeling, and distribution of prescription drugs is regulated by the Food and Drug Administration (FDA). Drugs derived from botulinum toxins are required to be licensed or approved by FDA before they may be introduced into or received in interstate commerce. These drugs may only be acquired from an authorized and licensed distributor in the United States. Similar botulinum toxin drugs available from unlicensed foreign suppliers – even those manufactured by firms who also offer U.S. licensed products – are not authorized for use in the United States.

(f) Beginning at least as early as 2019, FACIAL EXPRESSIONS purchased botulinum toxin type A drugs that were manufactured, packaged, and labeled for sale in Korea and/or Turkey and other foreign countries and not licensed or approved for sale or distribution in the United States. From in or around August 2019 through in or about August 2023, FACIAL EXPRESSIONS purchased unlicensed and unapproved botulinum toxin drugs from several different sources – but none of it was authorized for use inside the United States. Examples of the unlicensed and unapproved botulinum toxin drugs that FACIAL EXPRESSIONS purchased, in violation of the Federal Food, Drug, and Cosmetic Act (FDCA), included NABOTA® and non-FDA approved versions of DYSPORT®.

(g) Multiple customers experienced side effects that could be attributed to the unlicensed and unapproved botulinum toxin drugs they received at FACIAL EXPRESSIONS during the period covered by the Information. Such side effects are also consistent with the side effects that a patient might experience from any botulinum toxin drug, including NABOTA® and FDA approved DYSPORT®. In total, the financial loss these customers experienced due to additional medical expenses they required is at least $24,369.

    (h)    FACIAL EXPRESSIONS admits that the amount of restitution owed to customers with identifiable medical expenses related to their injectable treatments is $24,369.

4. The maximum statutory punishment for the count alleged in the Information, for an organizational defendant, is a fine of not more than $200,000, and a term of probation of not more than 5 years. A mandatory special assessment of $125 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    Pursuant to U.S.S.G. § 2N2.1(a), the base offense level is 6.

    (b)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (c)    Total restitution owed to the victim customers of FACIAL EXPRESSIONS, per 18 U.S.C. §3663(a)(3), is $24,369.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. No agreement exists about the fine guideline calculation in U.S.S.G. Chapter 8; however, the United States agrees not to recommend a fine.

3

8. All monetary penalties agreed upon by the Defendant in this plea agreement – including $24,369 owed in restitution and a forfeiture money judgment in the amount of $10,911 – shall be paid no later than two weeks prior to the sentencing date set by the Court in this case. A failure by the Defendant to timely make these payments will nullify this plea agreement at the discretion of the United States.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

10. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant consents to the imposition of a forfeiture money judgment in the amount of $10,911, which represents the amount of proceeds that the Defendant obtained as a result of the violation charged in the Information. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives its right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy. The

Defendant also consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the misbranded drugs seized as part of the criminal investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between it and the offenses to which it is pleading guilty, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461. The Defendant further agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Federal Rule of Criminal Procedure or otherwise.

12. The Defendant agrees to pay restitution in the amount of $24,369 to the victims as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that this restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

13. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained it to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 6/9/2025   By: *[signature]*
Brittany Dunn-Pirio
Assistant United States Attorney

6

Date: 6/9/25

_____
Facial Expressions
Defendant

Date: 6/9/25

_____
Andrew Feldman
Attorney for Defendant