UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:25-CR-047-REW-HAI-1 |
| v. | ) ) | |
| FACIAL EXPRESSIONS, | ) ) | RECOMMENDATION OF ACCEPTANCE OF GUILTY PLEA |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral the Court conducted a Waiver of Indictment, Filing of Information and Guilty Plea of Defendant FACIAL EXPRESSIONS. On June 9, 2025, Defendant appeared before the undersigned for proceedings under Rule 11, following Defendant's motion for rearraignment.

As established and particularly detailed on the record:

1. After the Court informed Defendant of his/her right to rearraignment in the presence of a United States District Judge, Defendant personally consented to rearraignment before a United States Magistrate Judge. Defendant further consented to the Magistrate Judge conducting the Rule 11 hearing and making a recommendation concerning plea acceptance. The consent occurred orally and in writing and was under oath. The consent was knowing, voluntary, and intelligent and occurred with counsel's advice. The United States also consented.

2. The Court placed Defendant under oath and performed the full colloquy as required by Rule 11. As set forth in the record, after the colloquy, the Court found Defendant

competent to plead. Additionally, after advising Defendant of all applicable rights, covering the plea agreement (to include a partial waiver of appeal and collateral attack), and assuring Defendant=s awareness of the nature of and all potential maximum (and mandatory minimum) penalties applicable to the charge at issue, as well as the sentencing process, the Court further found that Defendant pled guilty in a knowing, voluntary, and intelligent fashion.

3. The Court questioned Defendant in detail concerning the factual basis, in particular ensuring that, although not specified in the plea agreement, the products at issue were misbranded as alleged in paragraph 24 of the information, meaning they lacked adequate directions for use (without a statutory exemption) and did not bear the symbol "Rx." The Court also discussed the products overall unapproved status, and both counsel agreed that "A drug is misbranded if it is a prescription drug that is an unapproved new drug, because a prescription drug cannot bear the adequate directions for use required by statute [18 U.S.C. § 352(f)(1)] and the lack of an approved NDA means that there is no FDA exemption from the adequate directions for use requirement. *See generally United States v. An Article of Drug . . . "Mykocert,"*, 345 F.Supp. 571, 573 (N.D. Ill. 1972). The Court covered all areas and confirmed Defendant's understanding of all matters required in the context by Rule 11, the criminal rules, and the United States Constitution and found that an adequate factual basis supporting the plea as to each essential offense element for the applicable charge was presented.

4. Defendant agreed to the money judgment forfeiture. As such, and based on the

Court's findings, the Court **RECOMMENDS** that the presiding District Judge **ACCEPT** the guilty plea of FACIAL EXPRESSIONS and **ADJUDGE** it guilty of the Information.

5. The Court informed the parties that the District Judge would defer acceptance of the plea agreement pending consideration as part of final sentencing.

6. The presiding District Judge will schedule a sentencing hearing and, as necessary, address Defendant's custodial status when considering this Recommendation.

*Right to Object*

Defendant has the right to object to this Recommendation and to secure de novo review from the District Judge as to any matter to which he specifically objects and seeks review. Given the need for prompt case disposition and the requirements of the Speedy Trial Act, the Court FINDS that good cause exists pursuant to Rule 59(b)(2) to modify the standard objections period. Therefore, within **THREE** days after being served with a copy of this decision, a party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make timely objection, in the manner described, may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals with respect to the particular decision at issue. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of June, 2025.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge